IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs November 18, 2008

## STATE OF TENNESSEE v. KATRINA M. EVERHART

**Appeal from the Criminal Court for Sullivan County**
**Nos. S52,832 and S53,099     R. Jerry Beck, Judge**

**No. E2008-00938-CCA-R3-CD- Filed December 22, 2008**

Following her guilty plea to facilitation of robbery and a sentencing hearing in the Sullivan County Criminal Court, the defendant, Katrina M. Everhart, appeals that court's decision to order her three-year sentence to be served in the Department of Correction. She claims on appeal that the criminal court erroneously denied her alternative sentencing. We affirm the judgment of the criminal court.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT W. WEDEMEYER, JJ., joined.

Randy D. Fleming, Kingsport, Tennessee, for the appellant, Katrina M. Everhart.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General, H. Greeley Wells, Jr., District Attorney General; and James F. Goodwin, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The defendant agreed to a plea agreement that called for the charge of robbery to be reduced to facilitation of robbery, a Class D felony, and for a three-year sentence, subject to the court's determining the manner of service.

In the sentencing hearing, the trial court found that the defendant had been convicted previously of misdemeanors of violating the bad check law, a misdemeanor shoplifting, and a number of traffic offenses, including driving on a suspended license.

The 39-year-old defendant testified that, on the date of the offense, her co-defendants came to her residence and asked for a ride, which she provided despite "know[ing] what kind of people they were." She testified that she took them to Walmart and that "he basically stole a

woman's purse. And I panicked and left." She agreed that later, upon a police officer's request for information, she went to the police station and that she made a false report.[1]

The trial court ordered the defendant to serve her three-year sentence in the Department of Correction, and in challenging that order on appeal, she points out that the district attorney general did not oppose her placement on probation.

The defendant's appellate brief contains less than one-half page of argument which includes no citation to authority. "Issues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court." Tenn. R. Ct. Crim. App. 10(b). Accordingly, the issue raised on appeal is waived.

At any rate, we note that, pursuant to Tennessee Code Annotated section 40-35-102(6) (2006) and contrary to prior law, the defendant enjoyed no presumption of favorable candidacy for alternative sentencing. *See* T.C.A. § 40-35-102(6) (2006). Furthermore, the defendant came to court with a history of prior convictions. *See* T.C.A. § 40-35-103(1)(A) (2006).

The judgment is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE

---

[1]In the present case, the defendant was charged also with making a false report to a law enforcement officer and with driving on a revoked license. The plea agreement included guilty pleas to these offenses and her placement on probation for these offenses.

-2-